IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Martin Hensley, | ) | Case No. 4:19-cv-00602-DCC |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Horry County Police Department, Horry County, Officer Henneman, Officer Buroughs, Officer Dailey, Jennifer Cox-Hensley, Randy McPherson, | ) | |
| Defendant. | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On March 25, 2019, Plaintiff filed a motion to dismiss Defendants Jennifer Cox-Hensley and Randy McPherson's ("the pro se Defendants") counterclaim. ECF No. 23. On March 26, 2019, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising the pro se Defendants of the summary judgment/dismissal procedure and the possible consequences if they failed to respond adequately. ECF No. 25. Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, the pro se Defendants did not respond. On August 26, 2019, the Magistrate Judge directed

the pro se Defendants to inform the Court whether they wished to pursue their counterclaim and to respond to the motion by September 6, 2019. ECF No. 44. The Magistrate Judge again warned the pro se Defendants that failing to respond could subject their counterclaim to dismissal with prejudice. The pro se Defendants have not filed any document in response to the motion or indicating that they intend to proceed with their counterclaim.

On September 20, 2019, the Magistrate Judge issued a Report recommending that their counterclaim be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. ECF No. 50. The Magistrate Judge advised the pro se Defendants of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. They did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo*

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. Accordingly, the Plaintiff's motion to dismiss [23] is GRANTED and the pro se Defendants' counterclaim is **DISMISSED** with prejudice.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 21, 2019
Spartanburg, South Carolina