IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Martin Hensley, <br><br> Plaintiff, <br><br> v. <br><br> Horry County Police Department; Horry County; Officer Henneman; Officer Burroughs; Officer Dailey; Jennifer Cox-Hensley a/k/a Jennifer McPherson; and Randy McPherson, <br><br> Defendants. | Case No.: 4:19-cv-0602-SAL-KDW <br><br><br> **OPINION AND ORDER** |

This matter is before the Court on a Motion to Dismiss filed by Defendants Horry County Police Department, Horry County, Officer Henneman, Officer Burroughs, and Officer Dailey (herein "Defendants"), ECF No. 15, filed on March 8, 2019. On December 17, 2019, in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, United States Magistrate Kaymani D. West issued a Report and Recommendation ("Report"), ECF No. 59, recommending that Defendants' motion be granted. Plaintiff timely objected to the Report, and Defendants replied. *See* ECF Nos. 62, 66. For the following reasons, the Court overrules Plaintiff's objections, adopts the Report in its entirety, and grants Defendants' motion.

**I.     Background**

The factual history of this case as set forth in the Report is incorporated herein by reference. *See* ECF No. 59 at 2-4. In summary, this action arises out of a child custody and visitation dispute between Plaintiff Martin Hensley and his ex-wife, Defendant Jennifer Cox-Hensley a/k/a Jennifer McPherson. Plaintiff alleges that Horry County, the Horry County Police

1

Department,[1] and three Horry County police officers are liable as a result of the officers' actions taken largely in connection with the aforementioned familial dispute. Against these Defendants, Plaintiff's Complaint states a claim under 42 U.S.C. § 1983, as well as state law claims for malicious prosecution, abuse of process, and intentional infliction of emotional distress. In response to the instant motion, however, Plaintiff clarified that his state law claims are not asserted against the Defendant police officers, ECF No. 33 at 27, and his abuse of process claim is only asserted against Horry County and the Horry County Police Department. *See id.* at 15-18.

The Report recommends granting Defendants' Motion to Dismiss. Plaintiff's objections to the Report recite the factual arguments presented to the Magistrate Judge in opposition to the motion and fail to specifically identify any particular portion of the Report alleged to be in error. Because objections of this kind do not comply with Rule 72(b) of the Federal Rules of Civil Procedure, the Court declines to engage in de novo review of the Report. Finding no clear error, the Report is adopted in whole, and Defendants' motion is granted.

**II.     Legal Standard**

Under Rule 72(b)(2) of the Federal Rules of Civil Procedure, a party wishing to object to a magistrate judge's report and recommendation must do so with specificity. Only portions of a magistrate judge's report and recommendation that have been properly objected to demand de novo review. *See* Fed. R. Civ. P. 72(b)(3). Vague, general, or conclusory objections not directed toward any particular portion of a magistrate judge's findings or reasoning defeat the purpose of initial screening, and presented with such objections, a court will review a report and recommendation for clear error. *See, e.g., Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982);

---

[1] The parties agree that the Horry County Police Department is not a separate entity from Horry County. Plaintiff represented that he would present an amended complaint properly naming the parties, ECF No. 33 at 14, however, to do so would be futile.

*Ruff v. United States*, No. 1:17-cv-148, 2018 WL 2981167, at *1 (N.D.W. Va. June 14, 2018). Likewise, merely reiterating the same arguments presented to a magistrate judge does not constitute a specific objection warranting de novo review. *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom. Durkee v. Geologic Sols., Inc.*, 502 F. App'x 326 (4th Cir. 2013). A litigant cannot obtain de novo review by "merely reformatting an earlier brief as an objection." *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008).

**III.    Discussion**

    **A.    Plaintiff's Objections to the Report**

The body of Plaintiff's objections, which spans approximately eight pages, consists of seven pages of factual argument that is copied–verbatim or nearly verbatim–from the "Statement of Facts" section of Plaintiff's brief in opposition to Defendants' motion. *Compare* ECF No. 33 at 2-11, *with* ECF No. 62 at 4-11. The remainder of Plaintiff's objections consist of legally conclusory statements and do not direct the court to any particular portion of the report to which Plaintiff takes issue. Further, Plaintiff's objections do not engage in any legal analysis, and the materiality of any general charge of error concerning the Report is therefore indiscernible. For these reasons, Plaintiff's objections do not comply with Rule 72(b) of the Federal Rules of Civil Procedure, and the Court reviews the Report for clear error. Finding none, the Court adopts the Report in its entirety.

    **B.    Subject Matter Jurisdiction over Remaining Claims**

This action was removed based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. ECF No. 1 at 1. All federal claims in this action are dismissed, and the only remaining claims are state law claims against Defendants Jennifer Cox-Hensley a/k/a Jennifer McPherson

and Randy McPherson. The Complaint's allegations concerning the original parties to this action and their respective residences makes no mention of the remaining Defendants' residence or citizenship. *See* ECF No. 1-1 at ¶¶ 5-13.

Courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501, (2006). In evaluating subject matter jurisdiction, a court may look to the complaint as well as evidence outside the pleadings. *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

Plaintiff alleges he is a resident of the state of Indiana, ECF No. 1-1 at ¶ 5, however, jurisdictional findings in an Order of the Horry County Family Court filed in this case concluded that Plaintiff and Defendant Jennifer McPherson were both residents of Horry County, South Carolina as late as May 11, 2018. ECF No. 15-1 at 12, 15. A subsequent Family Court Order, dated July 4, 2019, notes that Plaintiff was a South Carolina resident at the time the state court action was filed but that Plaintiff had since "*also* maintained a residence in Greenfield, Indiana." ECF No. 43-1. "Although a person may have more than one residence, he may only have one 'domicile' for purposes of determining subject matter jurisdiction." *Dyer v. Robinson*, 853 F. Supp. 169, 172 (D. Md. 1994) (citation omitted).

In light of the equivocal nature of the record concerning whether diversity jurisdiction is appropriate under 28 U.S.C. § 1332, Plaintiff is directed to file a supplemental statement of jurisdictional facts on or before June 1, 2020. This statement may include factual information including but not limited to Plaintiff's current residence; voter registration and voting practices; the location of Plaintiff's personal and real property; the location of Plaintiff's brokerage and bank accounts; Plaintiff's membership in unions, fraternal organizations, churches, clubs, and

4

other associations; Plaintiff's place of employment; the state of Plaintiff's driver's license and vehicle registration; and in which state Plaintiff pays taxes. *See* 13E Charles Alan Wright *&* Arthur R. Miller, Federal Practice and Procedure § 3612 (3d ed.2014). The statement should also allege the citizenship of the remaining Defendants. Failure to comply with this directive may result in remand of Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c).

### IV.     Conclusion

After a thorough review of the Report, Plaintiff's objections, and the record in this case in accordance with the applicable standard, the Court adopts the Report, ECF No. 59, in its entirety, and Defendants' Motion to Dismiss, ECF No. 15, is GRANTED. Plaintiff's claims against the Horry County Police Department, Horry County, Officer Henneman, Officer Burroughs, and Officer Dailey are hereby DISMISSED with prejudice. Plaintiff is further ORDERED to file a supplemental statement of jurisdictional facts on or before June 1, 2020.

IT IS SO ORDERED.

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

May 19, 2020

Florence, South Carolina